1

2  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General

3  EUGENE M. THIROLF
   Director
4  KENNETH L. JOST
   Deputy Director
5  Office of Consumer Litigation

6  MARY M. ENGLEHART (MD Bar - MD Bar does not issue bar numbers)
   Trial Attorney, Office of Consumer Litigation
7  U.S. Department of Justice
   1331 Pennsylvania Avenue, N.W.
8  Washington, D.C. 20004-1710
   PHONE: 202-307-0088
9  FAX: 202-514-8742
   EMAIL: megan.englehart@usdoj.gov
10
   Attorneys for Plaintiff United States of America
11

12
            UNITED STATES DISTRICT COURT
13         NORTHERN DISTRICT OF CALIFORNIA
                  Oakland Division
14

15  UNITED STATES OF AMERICA,           )
                                        )
16              Plaintiff,              )
                                        )
17                                      )   CV No.
         v.                             )
18                                      )
                                        )
19  INDUSTRIOUS KID, INC.,              )   COMPLAINT FOR CIVIL PENALTIES,
         a corporation,                 )   INJUNCTION, AND OTHER RELIEF
20                                      )
                                        )
21  JEANETTE SYMONS,                    )
         individually and as an officer )
22       of the corporation             )
                                        )
23                                      )
                Defendants.             )
24                                      )

25

26      Plaintiff, the United States of America, acting upon notification and authorization to the

1  Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its

2  Complaint alleges that:

3  1.    Plaintiff brings this action under Sections 1303(c) and 1306(d) of the Children's Online

4        Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6501-6506, 6502(c), and

5        6505(d), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade

6        Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, 45(a)(1), 45(m)(1)(A), 53(b), 56(a),

7        and 57b, to obtain monetary civil penalties, a permanent injunction, and other equitable

8        relief for the defendants' violations of the Commission's Children's Online Privacy

9        Protection Rule (the "Rule"), 16 C.F.R. Part 312.

10                          **JURISDICTION AND VENUE**

11  2.   This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and

12       1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.  This action arises

13       under 15 U.S.C. §§ 45(a)(1) and 6502(c).

14  3.   Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)-(c) and

15       1395(a).

16                          **INTRADISTRICT ASSIGNMENT**

17
18  4.   The events giving rise to the United States' claims occurred in substantial part in

19       Alameda County.

20                                **DEFINITIONS**

21  5.   For purposes of this Complaint, the terms "child," "collects," "collection,"

22       "Commission," "delete," "disclosure," "Internet," "online contact information,"

23       "operator," "parent," "person," "personal information," "third party," "verifiable

24       consent," and "website or online service directed to children," are defined as those terms

25       are defined in Section 312.2 of the Rule, 16 C.F.R. § 312.2.

26  6.   For purposes of this Complaint, the term "blog" means a web-based publication by an

        individual or group of individuals that functions as an online journal and typically

consists of periodic online postings containing text, images, and links to other files and/or web pages.

7.  For the purpose of this Complaint, the term "blog hosting service" means a website or online service that hosts blogs and often provides the software to use as a template for creating blogs.

**THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE**

8.  Congress enacted the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501-6506, in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet websites or online services. The Act directed the Federal Trade Commission to promulgate a rule implementing COPPA. The Commission promulgated the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, on November 3, 1999 under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553. The Rule went into effect on April 21, 2000.

9.  The Rule applies to any operator of a commercial website or online service, or portion thereof, directed to children that collects, uses, and/or discloses personal information from children, and to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children.

10. Among other things, the Rule requires a subject website operator to meet specific requirements prior to collecting online, using, or disclosing personal information from children, including, but not limited to:

    a.  Posting a privacy policy on its website providing clear, understandable, and complete notice of its information practices, including what information the website operator collects from children online, how it uses

1    such information, its disclosure practices for such information, and other
2    specific disclosures set forth in the Rule;

3    b.    Providing clear, understandable, and complete notice of its information
4          practices, including specific disclosures, directly to parents when required
5          by the Rule;

6    c.    Obtaining verifiable parental consent prior to collecting, using, and/or
7          disclosing personal information from children;

8    d.    Giving parents the option to consent to the collection and internal use of
9          their children's personal information without consenting to the disclosure
10         of that information to third parties;

11   e.    Providing a reasonable means for parents to review the personal
12         information collected from their children and to refuse to permit its further
13         use or maintenance;

14   f.    Not conditioning children's participation in an activity upon the children
15         disclosing more personal information than is reasonably necessary to
16         participate in that activity; and,

17   g.    Establishing and maintaining reasonable procedures to protect the
18         confidentiality, security, and integrity of personal information collected
19         from children.

20
21   11.  Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the
22        Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a)(1) of
23        the FTC Act, 15 U.S.C. § 45(a)(1). *See also* COPPA, 15 U.S.C. § 6502(c).

24                                    **THE DEFENDANTS**

25   12.  Defendant Industrious Kid, Inc. ("Industrious Kid") is a California corporation with its
26        principal office or place of business located at 311 Oak Street, Suite 104, Oakland,
          California 94607. Industrious Kid, Inc. operates a website located at www.imbee.com,

1    that is transmitted and accessible worldwide on the Internet.  Industrious Kid, Inc. resides

2    and/or transacts business in the Northern District of California.

3  13.   Defendant Jeanette Symons is the President, Chief Executive Officer, and a shareholder

4    of Industrious Kid.  Individually or in concert with others, she has formulated, directed,

5    controlled, or participated in the policies, acts, or practices of Industrious Kid, including

6    the acts or practices alleged in this Complaint.  Her principal office or place of business

7    is the same as that of Industrious Kid.  She resides and/or transacts business in the

8    Northern District of California.

9  14.   The acts and practices of the defendants alleged in this Complaint were in or affecting

10    commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

11               **THE DEFENDANTS' COURSE OF CONDUCT**

12  15.   Since at least June 2006, the defendants have operated imbee.com, a website and blog

13    hosting service on the Internet that is directed to children.  The imbee website provides

14    children with messaging, blogging, picture sharing, and "circle of friends" activities.

15  16.   The defendants have promoted imbee.com as a "free, secure social networking and

16    blogging destination specifically designed for kids ages 8 to 14."   The website has been

17    promoted as "purposely designed to ensure the greatest level of safety and satisfaction for

18    young members" and as "safer than other social networking sites."

19  17.   The defendants collect personal information from children through the operation of the

20    imbee website, and thus are "operators" as defined in the Rule.

21
22  18.   Defendants have collected and maintained personal information from over 10,500

23    children under 13 years of age.

24          **THE DEFENDANTS' INFORMATION COLLECTION, USE,**
          **AND DISCLOSURE PRACTICES**

25
26  19.   Children who created an account on imbee.com were presented with an online "kid

    registration" form.  Through this form, the defendants collected and maintained personal

1   information from children, including first and last name, date of birth, child's email

2   address, parent's email address, gender, and a user name and password. (*See* Exhibit A.)

3   20.   After providing personal information through the kid registration form, children were

4   able to create and post text, photographs, and other user-generated content on their

5   personal imbee blogs. These blogs were kept private and could not be viewed by others

6   until a child's parent had completed the registration process.

7   21.   Once a child registered on imbee.com, the site sent an email to the parent at the parent's

8   email address provided by the child during registration. The email notice twice requested

9   that the parent click on the registration link provided therein to complete the registration

10   process and allow the child full access to the imbee website. (*See* Exhibit B.) Even in

11   instances where the parent did not respond to imbee's email notification or complete the

12   registration process, Imbee maintained the child's personal information.

13   22.   While the defendants' direct notice provided a general overview of the site's activities,

14   such as blogging, inviting friends to join imbee, posting pictures, and messaging between

15   imbee friends, it failed to clearly and completely disclose the types of personal

16   information the website had collected or sought to collect from children, whether the

17   personal information was collected from children directly or passively, how such

18   personal information was used by defendants or shared with third parties, or to make

19   other disclosures required by Section 312.4(c) of the Rule.

20   23.   In fact, the defendants' direct notice, emailed to parents, failed to disclose that

21   imbee.com *already* had collected a child's full name, date of birth, child's email address,

22   gender, and a user name and password prior to sending the notice to parents. The

23   defendants' direct notice also failed to set forth the parents' right to review or have their

24   children's personal information deleted.

25   24.   In addition, the defendants' direct notice failed to provide a hyperlink to the imbee

26   website's privacy policy, which is an alternative means to notify parents of a website's

1    information practices, provided that the hyperlink is clear and prominent and the direct

2    notice to parents contains other information that the Rule requires to be stated in the

3    direct notice and not in the privacy policy. Thus, the defendants' direct notice to parents

4    did not clearly, understandably, or completely disclose all of the defendants' information

5    collection, use, and disclosure practices for children.

6    25.    The imbee.com privacy policy, among other shortcomings, did not clearly disclose that,

7    *prior* to providing notice to the parent and obtaining the parent's verifiable consent to the

8    collection, maintenance, or disclosure of children's personal information, imbee.com

9    collected a child's full name, together with the child's date of birth and a user name and

10    password. (*See* Exhibit C.)

11    26.    The defendants' privacy policy also failed to disclose that the defendants used the

12    personal information collected from the child, together with personal information about

13    the child that is collected from the child's parent, to print and mail to such children

14    twenty (20) "imbee cards," which resemble business cards, bearing the child's name,

15    street address, photo, imbee name, and imbee profile page URL.

16    27.    Thus, the defendants' privacy policy did not clearly, understandably, or completely

17    disclose all of the defendants' information collection and use practices for children, as

18    required by Section § 312.4(b) of the Rule.

19
## THE DEFENDANTS' VIOLATIONS OF THE CHILDREN'S ONLINE PRIVACY
## PROTECTION RULE
20

21    28.    Since at least June 2006, the defendants have operated imbee.com, a website directed to

22    children, through which they have collected and maintained personal information from

23    children.

24    29.    In numerous instances, including the acts and practices described above, the defendants

25    collected and maintained personal information from children in violation of the Rule,

26    including:

1           a.    Failing to provide in the direct notice to parents sufficient notice of what

2                 information the defendants collected online from children, the website's

3                 use of such information, the website's disclosure practices, and all other

4                 required content, in violation of Section 312.4(c) of the Rule, 16 C.F.R. §

5                 312.4(c);

6           b.    Failing to provide sufficient notice on imbee.com of the types of personal

7                 information the website had collected from children prior to obtaining

8                 verifiable parental consent and how such personal information was used

9                 by defendants, and all other required content, in violation of Section

10                312.4(b) of the Rule, 16 C.F.R. § 312.4(b); and,

11           c.    Failing to obtain verifiable parental consent before any collection of

12                 personal information from children, in violation of Section 312.5 of the

13                 Rule, 16 C.F.R. § 312.5(a)(1).

## THE DEFENDANTS' UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE FTC ACT

30.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), provides that "unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful."

31.    Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1). *See* COPPA, 15 U.S.C. § 6503(c).

32.    By and through the acts and practices described in Paragraphs 19 through 27, above, the defendants have violated Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## THE COURT'S POWER TO GRANT RELIEF

33.    The defendants have violated the Rule as described above with knowledge as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

34.    Each collection, use, or disclosure of a child's personal information in which the

1    defendants have violated the Rule, as described above, constitutes a separate violation for

2    which the plaintiff seeks monetary civil penalties.

3    35.    Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4

4    of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and

5    Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court

6    to award monetary civil penalties of not more than $11,000 for each such violation of the

7    Rule.

8    36.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes this Court to issue a

9    permanent injunction against the defendants' violation of the FTC Act, as well as such

10   ancillary relief as may be just and proper.

11   37.    Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as

12   the Court finds necessary to redress injury to consumers or other persons resulting from

13   the defendants' violations of the Rule.

14   38.    This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to

15   remedy injury caused by the defendants' violations of the Rule and the Act.

16                                          **PRAYER**

17   WHEREFORE, the plaintiff requests this Court, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b),

18   and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b) and 57b, and the Court's own

19   equitable powers to:

20

21        (1)    Enter judgment against the defendants and in favor of the plaintiff for each

22               violation of the Rule alleged in this Complaint;

23        (2)    Award the plaintiff monetary civil penalties from the defendants for each

24               violation of the Rule alleged in this Complaint;

25        (3)    Permanently enjoin the defendants from violating the Rule and Act; and

26

1

2     (4)     Award the plaintiff such additional relief as the Court may deem just, proper, or

3              necessary to redress injury to consumers resulting from the defendants' violations

4              of the Rule.

5

6  DATED: _____January 28_____, 2008

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3    OF COUNSEL:

4    MAMIE KRESSES
     PHYLLIS HURWITZ MARCUS
5    Attorneys
     Federal Trade Commission
6    600 Pennsylvania Avenue, NW
     Mail Drop NJ-3212
7    Washington, D.C. 20580
     PHONE: 202-326-2070; 2854
8    FAX: 202-326-3259

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FOR THE UNITED STATES OF AMERICA:

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

EUGENE M. THIROLF
Director
KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

_____
MARY M. ENGLEHART
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-1710
PHONE: 202-307-0088
FAX: 202-514-8742
EMAIL: megan.englehart@usdoj.gov

Page 11 of 11



  

### Kid Registration

**Create an imbeename:***
But don't use your real name!
Think of something fun and simple.

_____

**Enter a password:***

_____

**Enter your password again***

_____

**You are a***
○ Boy   ○ Girl

**When were you born?***

[ month: ▾ ] [ day ▾ ] [ year: ▾ ]

**Enter your first name:***

_____

**Enter your last name:***

_____

**Enter an email if you have one:**

_____

**Enter your parent's email:***
An email invitation will be sent to this
parent.

_____

**How did you hear about imbee?:**
[ Other ▾ ]

[ SIGN ME UP ]



EXHIBIT

B

**From:** "imbee.com" <imbee@imbee.com>
**To:**
**Subject:** Your child wants to join imbee!
**Date:** Thursday, March 08, 2007 3:23:09 PM


Dear                              ,

You are receiving this e-mail because your kid,        , has created an account on
imbee.com.

Click on the link below to complete registration and allow full access:
http://www.imbee.com/user/preregistersponsor?
key=131df7655d19baf48decbe0df2c6f3d3

imbee.com is the first secure social networking and blogging destination made just for
kids. Imbee.com provides a safe environment for kids to create a world online and tools
that make it easy for parents to guide their kid's exploration.

**PEACE OF MIND FOR PARENTS** - imbee was purposely designed to ensure the
greatest level of safety and satisfaction for kids and their parents. Click here to learn
more about imbee: http://www.imbee.com/about

### IMBEE OFFERS YOU AND YOUR KIDS:

**BLOG** - Create a family blog and share reports of your trips, joys and successes.

**FRIENDS** - Invite imbee friends to join your Circle of Friends. Read others' blog posts,
view their pictures or message them and keep in touch.

**PICTURES** - Post your favorite photos. Your online album is your gallery to showcase
special moments.

**MESSAGES** - Write to and receive messages from your kid and imbee friends. You can
even add photos from your album!

Click on the link below to complete registration and allow full access:
http://www.imbee.com/user/preregistersponsor?
key=131df7655d19baf48decbe0df2c6f3d3

Thanks for making imbee a bigger, better world!

**The imbee Team**



imbee

groups    login    sign up

What's New
Tour
Kids
Parents

# Privacy

Updated: Dec, 19th 2006

imbee takes your privacy very seriously and is committed to providing a safe and secure environment for parents and children.

The Children's Online Privacy Protection Act ("COPPA") requires us to inform parents and legal guardians about how we collect, use, and disclose personal information from children under 13 years of age.

## Information we collect

We collect personal information, such as names, gender, date of birth, and email address of the child. The child additionally provides a parental email address. We collect names, email address, financial information and shipping information from adults. This information is used only to verify adults' identity; to bill for services; to provide imbee products and services, and to communicate with members about security, privacy, or administrative issues. We also optionally collect phone numbers from adults. This information is only used to provide technical support.



EXHIBIT
C



We may also collect the name and email address of non-members provided to us by imbee members. This information is only used to invite non-members to join imbee. Recipients of imbee invitations can request that imbee remove their information from imbee by sending email to optout@imbee.com.

In the course of providing web-based products and services and in order to provide the highest quality user experience for our members, imbee tracks the activity of users accessing our site. This information includes IP addresses of users, page views, unique visitors, and repeat visitors. This data is not correlated in any way with any personally identifiable information.

We also use cookies, which are stored on your computer, to enhance your user experience. This cookie tracks your preferences, whether you are logged in, and some of your activities while on our site. You may choose to reject these cookies, but if you do, you may be unable to take advantage of all the imbee features and services. Refer to your browser's help information to learn how to disable cookies.

From time to time, imbee may run promotions or special offers that may require you to provide certain information, such as your name, email address, or shipping address. These promotions and special offers are optional, but if you decide to participate, the personal information you provide may be shared with a third party in order to deliver awards or special offers to you.

## Security of information we collect

Information we collect is stored in a secure data facility, and is only available to authorized personnel on a need-to-know basis.

We take all reasonable precautions to secure and protect the information we collect. All personal information is password protected. Additionally, certain data, such as financial information, is collected via a SSL connection. However, no information collected over the Internet can be guaranteed to be completely secure. If we become aware of a security breach that may affect your personal information, we will notify you via the email address you provide.

If you have any questions or concerns about how imbee secures personal information, contact privacy@imbee.com

## Information we share

We do not rent, sell, or share personal information with any entity outside of Industrious Kid websites. You may opt out of sharing this information with other Industrious Kid websites by sending an email to optout_ik@industriouskid.com

imbee is a social networking site. As such, personal information may be read by others if it's posted in a blog entry, a message, a comment, or a picture album. If a parent objects to any information posted by their child, they may delete it or contact imbee and we will delete it.

imbee will share your personal information under the following circumstances:

- In order to develop and provide certain products or services, we may share your information with third party vendors, contractors, or business partners. We will take all reasonable care with this information and will require these third parties to adhere to the imbee privacy policy.

- To comply with a subpoena, court order, or other legal proceeding.

- To prevent, investigate, or to take some other action against illegal activities, potential fraud, potential physical threats to any person, violations of our terms of service, or in any other way as required by law.

- If we sell all or part of our business, personal information may be disclosed as part of the sale or transfer of the business assets. Entities we sell or transfer these assets to will be bound by this privacy policy.

## Protecting children's privacy

When a child signs up for imbee, we collect some information, such as name, gender, parent's email address, and child's email address (if supplied by the child). To complete a child's registration, we require a parent, or a teacher given permission by a parent, to provide an email address and either a credit card or a government issued photo ID.

Information we collect about children, including names and addresses, is never seen by any imbee users except parents, or teachers given permission by a parent, imbee members' real names and email address are not disclosed on the site. imbee provides parents, or teachers given permission by a parent, the ability to monitor, approve, and edit all content posted on the site. It is up to parents, or teachers given permission by a parent, to decide whether they want to approve or deny content posted by their child/student.

Parents, legal guardians, or teachers given permission by a parent, may request that we remove children's personal information at any time. They can do this by writing us at the address below, sending an email to privacy@imbee.com.

## Contacting imbee

If you have any questions or concerns about the imbee privacy policy, you can contact us at:

Industrious Kid, Inc
Customer Support – Privacy Policy Issues
311 Oak Street,
Suite 104,
Oakland, CA 94607 (510) 295-4380

privacy@imbee.com.

## Changes to the privacy policy

From time to time imbee may make changes to this privacy policy. We will notify members of any changes by sending the updated policy to the primary email address of each registered adult user or by placing a prominent notice on our site.

About   Privacy   Terms   Contact