1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2
   EUGENE M. THIROLF
3  Director
   KENNETH L. JOST
4  Deputy Director
   Office of Consumer Litigation
5
   MARY M. ENGLEHART (MD Bar - MD does not issue bar numbers)
6  Trial Attorney, Office of Consumer Litigation
   U.S. Department of Justice
7  1331 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004-1710
8  PHONE: 202-307-0088
   FAX: 202-514-8742
9  EMAIL: megan.englehart@usdoj.gov

10 Attorneys for Plaintiff United States of America

11

12            **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**
                      **Oakland Division**
14 _____

   UNITED STATES OF AMERICA,        )
15                                   )
                      Plaintiff,     )
16                                   )
                                     )        CV No. 08-0639
17                 v.                )
                                     )
18                                   )
   INDUSTRIOUS KID, INC.,            )        CONSENT DECREE AND ORDER FOR
19      a corporation,               )        CIVIL PENALTIES, INJUNCTION, AND
                                     )        OTHER RELIEF
20                                   )
                                     )
21                                   )
   JEANETTE SYMONS,                  )
22      individually and as an officer )
        of the corporation, and      )
23                                   )
                                     )
24                 Defendants.       )
   _____)
25

26          WHEREAS the plaintiff, the United States of America, has commenced this action by

filing the complaint herein; the defendants have waived service of the summons and complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without the defendants admitting liability for any of the matters alleged in the complaint or that the facts as alleged in the complaint, other than the jurisdictional facts, are true;

THEREFORE, on the joint motion of the plaintiff and the defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.     This Court has jurisdiction of the subject matter and of the parties.

2.     The complaint states a claim upon which relief may be granted against the defendants under Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6501-6506, 6502(c), and 6505(d), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b.  Among other things, the complaint alleges that the defendants violated COPPA by failing to provide sufficient notice to parents of their information practices either in their online or direct notices to parents and to obtain verifiable parental consent prior to collecting, using, or disclosing personal information from children online.

3.     Entry of this Consent Decree and Order for Civil Penalties, Injunction, and Other Relief is in the public interest.

**DEFINITIONS**

4.     For purposes of this Consent Decree, the term "Rule" means the Federal Trade Commission's Children's Online Privacy Protection Rule, 16 C.F.R. Part 312.

5.     For purposes of this Consent Decree, the terms "child," "collects," "collection," "Commission," "delete," "disclosure," "Internet," "online contact information," "operator," "parent," "person," "personal information," "third party," "verifiable consent," and "website or

online service directed to children," are defined as those terms are defined in Section 312.2 of the Rule, 16 C.F.R. § 312.2.

6. For purposes of this Consent Decree, the term "blog" means a web-based publication focusing on a particular subject or functioning as an online journal and typically consisting of periodic entries containing text, images, and links to other web pages.

7. For purposes of this Complaint, a "blog hosting service" means a website or online service that hosts blogs and often provides the software to use as a template for creating blogs.

8. For purposes of this Consent Decree, "defendants" means Industrious Kid, Inc., a corporation, and Jeanette Symons, individually and as an officer of the corporation.

**INJUNCTION**

9. The defendants, their successors and assigns, and their officers, agents, servants, representatives, and employees, and all persons in active concert or participation with them who receive actual notice of this Consent Decree by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from:

        a. Failing to provide sufficient notice on any website or other online service directed to children, or through which they, with actual knowledge, collect, use, and/or disclose personal information from children, of what information defendants collect online from children, how they use such information, their disclosure practices, and all other required content, in violation of Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b);

        b. Failing to include in their direct notice to parents sufficient notice of what information defendants collect online from children, how they use such information, their disclosure practices, and all other required content, in violation of Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c);

c.     Failing to obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children, in violation of Section 312.5 of the Rule, 16 C.F.R. § 312.5(a)(1); or,

d.     Violating any other provision of the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, and as the Rule may hereafter be amended.  A copy of the Rule is attached hereto as "Appendix A" and incorporated herein as if fully set forth verbatim.

**CONSUMER EDUCATION REMEDIES**

10.     For a period of five (5) years from the date of entry of this Consent Decree, the defendants, and their successors and assigns, in connection with the operation of any website or other online service directed to children or through which it, with actual knowledge, collects, uses, and/or discloses personal information from children, shall place a clear and conspicuous notice (1) within the privacy policy required to be posted on its website(s) by Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b); (2) within the direct notice required to be sent to parents by Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c); and (3) at each location on its website(s) where personal information is collected, which states as follows in bold typeface:

**NOTICE:** **Visit www.ftc.gov/privacy for information from the Federal Trade Commission about protecting children's privacy online.**

Where the above notice is posted on a website or delivered via email or other electronic service, it shall be in the form of a hyperlink to www.ftc.gov/privacy.  The Federal Trade Commission may change the hyperlink/URL upon thirty (30) days prior written notice to the defendants, their successors or assigns.

11.     For a period of five (5) years from the date of entry of this Consent Decree, the defendants, and their successors and assigns, in connection with the operation of any blog or blog hosting service, shall place a clear and conspicuous notice on the homepage(s) and privacy notice(s) of their website(s), which states, in the form of a hyperlink in bold typeface, as follows:

**Visit www.OnGuardOnline.gov for social networking safety tips for parents and youth, http://onguardonline.gov/socialnetworking ["parents" must contain a hyperlink to www.onguardonline.gov/socialnetworking.html, and "youth" must contain a hyperlink to www.onguardonline.gov/socialnetworking_youth.html]**

The Federal Trade Commission may change the hyperlinks/URLs upon thirty (30) days prior written notice to the defendants, their successors or assigns.

## CIVIL PENALTY

12.     The defendants, and their successors and assigns, jointly and severally shall pay to the plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of One Hundred Thirty Thousand Dollars ($130,000) due and payable within five (5) days following entry of this Consent Decree.  Unless otherwise directed, payment shall be made by electronic fund transfer in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, DC 20530.

13.     In the event of any default payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

## DELETION OF CHILDREN'S PERSONAL INFORMATION

14.     The defendants, and their successors and assigns, within five (5) days from the date of entry of this Consent Decree, shall delete all personal information collected and maintained in violation of the Rule through the date of entry of this Consent Decree.

## DISTRIBUTION OF ORDER AND COMPLIANCE GUIDE BY THE DEFENDANTS

15.     The defendants, and their successors and assigns, within thirty (30) days from the date of entry of this Consent Decree, shall provide a copy of this Consent Decree and the Federal Trade Commission compliance guide entitled *How to Comply with the Children's Online*

*Privacy Protection Rule* (Nov. 1999) ("compliance guide") (attached hereto as "Appendix B") to each of its current principals, officers, directors, and managers; and to all current employees and agents having responsibilities related to the operation of any website or online service subject to this Consent Decree; and to all current representatives having responsibilities related to compliance with this Consent Decree; and secure from each such person a signed statement acknowledging receipt of a copy of this Consent Decree and the compliance guide.  The defendants shall, within ten (10) days of complying with this paragraph, submit to the Commission a signed statement setting forth the fact and manner of the defendants' compliance, including the name and title of each person to whom a copy of the Consent Decree and compliance guide has been provided.

16.    The defendants, and their successors and assigns, for a period of three (3) years from the date of entry of this Consent Decree, shall provide a copy of this Consent Decree and the compliance guide to each of its future principals, officers, directors, and managers; and to all future employees, agents, and representatives having responsibilities related to the operation of any website or online service subject to this Consent Decree, and secure from each such person a signed and dated statement acknowledging receipt of a copy of this Consent Decree and the compliance guide, within thirty (30) days after the person assumes such position or responsibilities.  The defendants shall maintain copies of the signed statements, as well as other information regarding the fact and manner of their compliance, including the name and title of each person to whom a copy of the Consent Decree and compliance guide has been provided and, upon request, shall make the statements and other information available to the Commission.

**COMPLIANCE REPORTING BY THE DEFENDANTS**

17.    In order that compliance with the provisions of this Consent Decree may be monitored:

a.    For a period of three (3) years from the date of entry of this Consent Decree,

i.      Individual defendant Symons shall notify the Commission of the following:

(1)     Any changes in her residence addresses, mailing addresses, and telephone numbers, within thirty (30) days of the date of such change;

(2)     Any changes in her employment status (including self-employment), and any change in her ownership in any business entity that may affect compliance obligations arising under this Consent Decree, within thirty (30) days of the date of such change. Such notice shall include the name and address of each business that the defendant is affiliated with, employed by, creates, forms, or performs services for; a statement of the nature of the business; and a statement of her duties and responsibilities in connection with the business or employment; and

(3)     Any changes in the defendant's name; and

ii.     Each defendant shall notify the Commission of any changes in corporate structure of the corporate defendant, or any business entity that defendant Symons directly or indirectly controls or has an ownership interest in, that may affect compliance obligations arising under this Consent Decree, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Consent Decree; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with

respect to any proposed change in the corporation about which a defendant learns less than thirty (30) days prior to the date such action is to take place, such defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

b.    Sixty (60) days after the date of entry of this Consent Decree and at such times as the Federal Trade Commission shall reasonably require, the defendants each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Consent Decree. This report shall include, but not be limited to:

i.    For individual defendant Symons:

(1)    Her then-current residence addresses, mailing addresses, and telephone numbers; and

(2)    Her then-current employment and business addresses and telephone numbers; a description of the business activities of each such employer or business, and the title and responsibilities of the defendant for each such employer or business.

ii.    For all defendants:

(1)    a statement setting forth in detail the criteria and process through which any of their websites register visitors online for any activity requiring the submission of personal information, and a copy of each different screen or page providing or collecting registration information;

(2)    a copy of each different privacy notice posted on any of their websites;

(3)    a statement setting forth in detail each place where the privacy

notice on any website is located and a copy of each screen or page

on which the website collects personal information;

(4)    a copy of each different privacy notice sent to parents;

(5)    a statement setting forth in detail when and how each notice to

parents is provided;

(6)    a statement setting forth in detail the methods used to obtain

verifiable parental consent prior to any collection, use, and/or

disclosure of personal information from children;

(7)    a statement setting forth in detail the means provided for parents to

review the personal information collected from their children and

to refuse to permit its further use or maintenance;

(8)    a statement setting forth in detail why each type of information

collected from a child is reasonably necessary for the provision of

the particular related activity; and

(9)    a statement setting forth in detail the procedures used to protect the

confidentiality, security, and integrity of personal information

collected from children.

c.    For the purposes of this Consent Decree, the defendants shall, unless

otherwise directed by the Commission's representatives, mail all written

notifications to the Commission to:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C.  20580
Re: *U.S. v. Industrious Kid, Inc.*, Civil Action No. 08-0639.

1

## RECORD-KEEPING PROVISIONS

2      18.      For a period of three (3) years from the date of entry of this Consent Decree, the

3   defendants, and their successors and assigns, shall maintain, and make available to the Federal

4   Trade Commission for inspection and copying within fourteen (14) days of the date of receipt of

5   a written request, a print or electronic copy in HTML format of all documents demonstrating

6   compliance with the terms and provisions of this Consent Decree, including, but not limited to,

7   copies of acknowledgments of receipt of this Consent Decree; all reports submitted to the

8   Commission pursuant to this Consent Decree; a sample copy of every different form, web page,

9   or screen through which personal information is collected; and a sample copy of each different

10   document containing any representation regarding the defendants' collection, use, and disclosure

11   practices pertaining to personal information of a child.  Each web page copy shall be

12   accompanied by the URL of the web page where the material was posted online.  Electronic

13   copies shall include all text and graphics files, audio scripts, and other computer files used in

14   presenting information on the Internet.  *Provided*, however, that the defendants shall not be

15   required to retain any document for longer than two (2) years after the document was created, or

16   to retain a print or electronic copy of any amended web page or screen to the extent that the

17   amendment does not affect the defendants' compliance obligations under this Consent Decree.

18

## PROVISION OF TAXPAYER IDENTIFYING NUMBERS

19      19.      Defendant, Industrious Kid, Inc., is hereby required, in accordance with 31 U.S.C.

20   § 7701, to furnish to the Federal Trade Commission its taxpayer identifying number, which shall

21   be used for purposes of collecting and reporting on any delinquent amount arising out of its

22   relationship with the government.

23

## CONTINUING JURISDICTION

24      20.      This Court shall retain jurisdiction of this matter for the purposes of enabling any

25   of the parties to this Consent Decree to apply to the Court at any time for such further orders or

26   directives as may be necessary or appropriate for the interpretation or modification of this

1  Consent Decree, for the enforcement of compliance therewith, or for the punishment of

2  violations thereof.

3     **JUDGMENT IS THEREFORE ENTERED** in favor of the plaintiff and against the

4  defendants, pursuant to all the terms and conditions recited above.

5     Dated this _____ day of _____, 2008.

6

7     _____

8     UNITED STATES DISTRICT JUDGE

9

10    The parties, by their counsel, hereby consent to the terms and conditions of the Consent

11  Decree as set forth above and consent to the entry thereof.  The defendants waive any rights that

12  may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the investigation

13  and prosecution of this action.

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2                                    FOR THE UNITED STATES OF AMERICA:

3                                    JEFFREY S. BUCHOLTZ
                                     Acting Assistant Attorney General
4                                    Civil Division
                                     U.S. Department of Justice
5

6                                    EUGENE M. THIROLF
                                     Director
7                                    KENNETH L. JOST
                                     Deputy Director,
8                                    Office of Consumer Litigation

9

10                                   _____/s/_____
                                     MARY M. ENGLEHART
11                                   Trial Attorney
                                     Office of Consumer Litigation
12                                   U.S. Department of Justice
                                     1331 Pennsylvania Avenue, N.W.
13                                   Washington, D.C.  20004-1710
                                     PHONE:  202-307-0088
14                                   FAX:  202-514-8742
                                     EMAIL: megan.englehart@usdoj.gov
15

16

17

18

19

20

21

22

23

24

25

26

1

2

FOR THE FEDERAL TRADE COMMISSION:

3

4    _____/s/_____

MAMIE KRESSES

5    PHYLLIS HURWITZ MARCUS

Attorneys

6    Federal Trade Commission

600 Pennsylvania Avenue, NW

7    Washington, D.C.  20580

(202) 326-2070/2854 (voice)

8    (202) 326-3259 (fax)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2          FOR THE DEFENDANTS:

3          INDUSTRIOUS KID, INC.

4

5          _____/s/_____

6          JEANETTE SYMONS
           President and Chief Executive Officer
           Industrious Kid, Inc.

7          311 Oak Street, Suite 104
           Oakland, California 94607

8

9

10         _____/s/_____

11         RANDAL M. SHAHEEN, ESQ.
           Arnold & Porter LLP
           555 Twelfth Street, N.W.

12         Washington, D.C. 20004
           (202) 942-5734 (voice)

13         (202) 942-5999 (fax)

14         Attorney for defendant Industrious Kid, Inc.

15

16         _____/s/_____

17         JEANETTE SYMONS, individually and as an officer
           of the corporation

18

19

20

21

22

23

24

25

26